IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BURKE BOWERS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:15-CV-732 |
| | ) | |
| BB&T CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | | |
| BREWSTER SMITH, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:15-CV-841 |
| | ) | |
| BB&T CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER CONSOLIDATING CASES

Pending before the Court is a motion by the plaintiffs in these two cases to consolidate and to appoint interim class counsel. The plaintiffs in the two actions have filed complaints against BB&T Corporation and other fiduciaries of the BB&T Corporation 401(k) Savings Plan (the "Plan"), alleging breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA").

The Court finds that consolidation is appropriate. The cases involve common questions of law and fact because they assert similar claims under the Employee Retirement Income Security Act ("ERISA") pertaining to the same 401(k) savings plan,

and involve overlapping defendants and putative class members.  Both complaints make similar allegations of breaches of fiduciary duties and prohibited transactions and seek to recover the plan's losses and obtain other equitable and remedial relief for the plan.  Accordingly, the two actions meet the standard for consolidation under Rule 42(a).  Moreover, consolidation will enhance efficiency and judicial economy, eliminate the possibility of inconsistent adjudications, and will not prejudice any party.  Defendants do not object to the consolidation of the two cases.

The Court finds that allowing a consolidated amended complaint is appropriate to clarify plaintiffs' factual allegations and legal theories and to eliminate the potential burden and confusion of responding to multiple pleadings.  Defendants also do not object to the filing of the consolidated amended complaint.

The Court denies the motion for appointment of interim class counsel without prejudice.  At the latest, the question of interim class counsel will be considered as part of the Rule 26(f) conference.

It is therefore **ORDERED** that:

1. **Consolidation of Related Actions:** Plaintiffs' motion to consolidate *Bowers v. BB&T Corporation*, No. 1:15-CV-732, and *Smith v. BB&T Corporation*, No. 1:15-CV-841, is **GRANTED**.  The cases are consolidated for all purposes through trial.  Case No. 1:15-CV-732 is designated as the lead case, and all parties shall file all subsequent papers in Case No. 1:15-CV-732 only.

If any additional class action arising out of the same operative facts as the *Bowers* and *Smith* cases is filed in or transferred to this District, the Court may, on motion or *sua sponte*, consolidate that action with the consolidated *Bowers* and *Smith* actions, provided such consolidation does not unfairly prejudice any party.

2. **Consolidated Amended Complaint:** Plaintiffs' motion to file a consolidated amended complaint is **GRANTED**. Plaintiffs shall file their proposed Consolidated Amended Complaint within three business days of the date of this Order. The Consolidated Amended Complaint shall be the operative complaint and shall supersede the previous complaints filed in the *Bowers* and *Smith* cases.

3. **Appointment of Interim Class Counsel:** Plaintiffs' motion for appointment of interim class counsel is **DENIED** without prejudice.

This the 30th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE

3

Case 1:15-cv-00841-CCE-JEP   Document 22   Filed 11/30/15   Page 3 of 3