IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBERT SIMS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BB&T CORPORATION, *et al.*, <br><br> *Defendants*. | 1:15-CV-732 |
| BREWSTER SMITH, JR., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BB&T CORPORATION, *et al.*, <br><br> *Defendants*. | 1:15-CV-841 |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

     Class Counsel for the plaintiffs seek an award of attorney's fees, reimbursement of reasonable expenses incurred in prosecuting this action, and compensation for the named plaintiffs from a common fund created from the class action settlement. The Court has reviewed Class Counsel's request and supporting evidence, as well as attorney's fees and class representative awards from similar cases. For the reasons stated herein, the Court will grant the motion.

## I. Background

A detailed procedural history and description of the settlement agreement is set forth in the Court's Memorandum Opinion on final approval of the class action settlement, issued concurrently with this Order. In sum, the parties have agreed to settle the plaintiffs' class action ERISA claims, which are based on alleged breaches of duties of prudence and loyalty and prohibited transactions arising out of the defendants' management of the BB&T employee retirement plan. The proposed settlement provides for a common fund of $24 million as well as other non-monetary relief in exchange for, *inter alia*, a release of ERISA-related claims on behalf of the approximately 72,000 class members. The settlement also allows for an award of up to $8,000,000 in attorney's fees, $1.1 million in attorney's expenses, and service awards of $20,000 for each of the representatives.

Consistent with this provision, Class Counsel asks this Court to approve an award of $8,000,000 in attorney's fees, reflecting one-third of the monetary recovery, reimbursement of $768,176.42 in litigation expenses, and case contribution awards of $20,000 for each of the class representatives. Doc. 444; Doc. 449. The defendants have not opposed the motion.

## II. Attorney's Fees

### A. Legal Standard

In a class action, the court may award reasonable attorney's fees and nontaxable costs as authorized by law or by agreement. Fed. R. Civ. P. 23(h). In a common-fund

case such as this, "a reasonable fee is based on a percentage of the fund bestowed on the class." *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). District courts in the Fourth Circuit prefer the percentage method in common-fund cases, including ERISA cases, *see Kruger v. Novant Health, Inc.*, No 1:14CV208, 2016 WL 6769066, at *2 (M.D.N.C. Sept. 29, 2016); *Smith v. Krispy Kreme Doughnut Corp.*, No. 1:05CV00187, 2007 WL 119157, at *1 (M.D.N.C. Jan. 10, 2007), and "the vast majority of courts of appeals now permit or direct district courts to use" this method. Manual for Complex Litigation § 14.121 (4th ed. 2018); *id.* at n.483, n.484, n.485 (collecting cases).

To determine the reasonableness of the fee award, courts begin by considering the twelve factors identified in *Barber v. Kimbrell's, Inc.*: "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." 577 F.2d 216, 226 & n.28 (4th Cir. 1978) (adopting factors from *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93 (1989)).

Courts should also conduct a lodestar cross-check that compares the requested contingent fee award against a fee calculated based on hours spent at prevailing market rates. *See Boyd v. Coventry Health Care, Inc.*, 299 F.R.D. 451, 462 (D. Md. 2014). "The purpose of a lodestar cross-check is to determine whether a proposed fee award is excessive relative to the hours reportedly worked by counsel, or whether the fee is within some reasonable multiplier of the lodestar." *Id.* at 467. Courts often use the lodestar method to cross-check the reasonableness of a percentage fee. *Jones v. Dominion Res. Servs., Inc.*, 601 F. Supp. 2d 756, 759–60 (S.D.W. Va. 2009) (collecting cases). To determine the lodestar, courts multiply the reasonable hourly rate for each attorney by the number of hours reasonably expended. *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). When the lodestar method is used only as a cross-check, however, courts need not "exhaustively scrutinize[]" the hours documented by counsel and "the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Typically a reasonable rate is calculated by looking at the local market, *see Burrs v. United Tech. Corp*, No. 1:18-CV491, 2019 WL 1430258, at *1 (M.D.N.C. Mar. 29, 2019), but a national market rate is appropriate for matters involving complex issues requiring specialized expertise, such as ERISA class actions. *See Kruger*, 2016 WL 6769066, at *4.

## B. Analysis

Class Counsel's request for a fee of $8 million, reflecting one-third of the monetary recovery provided to class members in the settlement agreement, is reasonable following consideration of the twelve *Barber* factors. Class Counsel spent over 16,000 attorney hours and 2,200 hours of non-attorney time to this matter, a significant investment of labor and resources. *See* Doc. 445 at 6; Doc. 445-5 at ¶ 3; Doc. 445-3 at ¶¶ 4–6. ERISA litigation is a "rapidly evolving and demanding area of law" in which "[n]ew precedents are frequently issued." *In re Wachovia Corp ERISA Litig.*, No. 3:09cv262, 2011 WL 5037183, at *4 (W.D.N.C. Oct. 24, 2011). This, and the "significant risk of nonpayment" in ERISA matters generally, *see Kruger*, 2016 WL 6769066, at *4, tend to indicate that recovery requires navigating novel issues and applying specialized skills. Class Counsel credibly testified that taking on a large class action like this "impacts the firm's ability to handle other class actions or pursue other less risky matters," Doc. 445-1 at ¶ 30, and thus comes at some opportunity cost.

A one-third fee is consistent with the market rate in complex ERISA matters such as this and reflects a customary fee for like work. *See Kruger*, 2016 WL 6769066, at *2 (collecting cases). Class Counsel has also credibly described their expectation that this matter would be vigorously defended by BB&T, as it was, and would require considerable resources, as it has. Doc. 445-1 at ¶¶ 26–29. Class Counsel recovered monetary relief reflecting 19% of $124 million in total damages sought by the plaintiffs after summary judgment, as well as non-monetary relief and tax benefits that will add

5

approximately $15 million in additional monetary value for class members.  *See* Doc. 445 at 12–14 (estimating a total settlement value of $38.97 million).

Several courts have recognized the considerable skills and ability of lead counsel, Mr. Schlichter and his firm, in ERISA matters, *see, e.g., Beesley v. Int'l Paper Co.*, No. 06-703, 2014 WL 375432, at *2 (S.D. Ill. Jan. 31, 2014); *Will v. Gen. Dynamics Corp.*, No. 06-698, 2010 WL 4818174, at *2–3 (S.D. Ill. Nov. 22, 2010), and have recognized that this firm's work on behalf of retirement plan beneficiaries has resulted in reductions of recordkeeping fees on retirement plans in the United States overall.  *Nolte v. Cigna Corp.*, No. 2:07-cv-2046- HAB-DGB, 2013 WL 12242015, at *2 (C.D. Ill. Oct. 15, 2013).  Co-counsel Nichols Kaster has appeared in ERISA matters and has received similar recognition.  *See Johnson v. Fujitsu Tech. & Bus. Of Am., Inc.*, No. 16-3698, 2018 WL 2183253, at *6–7 (N.D. Cal. May 11, 2018) (noting the firm achieved a "strong result" that appeared by "all measures to be the work of skillful and experienced attorneys with significant expertise in the ERISA context.").

In this matter as well, Class Counsel displayed skill and determination.  It is unsurprising that only a few firms might invest the considerable resources to ERISA class actions such as this, which require considerable resources and hold uncertain potential for recovery.  A one-third fee reflects a reasonable attorney's fee in this matter for the attorneys who did assume this risk, diligently advocated on behalf of the class, and obtained significant recovery.

The lodestar cross-check also supports that the motion for attorney's fees should be granted. Class Counsel has submitted evidence that lead counsel Schlichter, Bogard & Denton spent 14,605.70 hours of attorney time and 1,951.70 hours of non-attorney time on this matter. Doc. 445-5 at ¶ 3. Co-counsel Nichols Kaster has also submitted evidence they spent 1,419.50 hours of attorney time and 273.50 hours of non-attorney time on this matter to date. Doc. 445-3 at ¶¶ 4–6. Both firms provided a breakdown of hours by overall stage in the litigation, *see id.* at ¶ 4; Doc. 445-2 at ¶ 9, and the amount of time spent by Class Counsel was reasonable based on the Court's familiarity with the case. *See Goldberger*, 209 F.3d at 50.

Class Counsel Schlichter, Bogard & Denton asserts that reasonable hourly rates for its attorneys are $1,060 per hour for attorneys with over 25 years of experience, $900 per hour for attorneys with 15 to 24 years of experience, $650 per hour for attorneys with 5 to 14 years of experience, $ 490 per hour for attorneys with 2–4 years of experience, and $330 per hour for attorneys with less than 2 years of experience, law clerks, and paralegals. Doc 445-2 at ¶ 7. These requests are reasonable and reflect a 3% annual increase over two years from fees previously approved in this District for an ERISA case two-and-a-half years ago. *Kruger*, 2016 WL 6769066, at *4; *see also Burrs v. United Tech. Corp*, No. 1:18-CV491, 2019 WL 1430258, at *1–2 (M.D.N.C. Mar. 29, 2019) (calculating reasonable attorney rate based on reasonable increase over time given the legal market). The rates claimed by Nichols Kaster—$250 for law clerks and paralegals, $425 per hour for attorneys with 2 to 4 years of experience, $575 per hour for attorneys

7

with 5 to 9 years of experience, $625 per hour for attorneys with 10 to 14 years of experience, $775 per hour for attorneys with 15 to 24 years of experience, and $875 per hour for attorneys with more than 25 years of experience, Doc. 445-3 at ¶¶ 5–6—are also reasonable and are comparable to fees that have been recently approved in another ERISA class action. *See Johnson*, 2018 WL 2183253, at *7 (approving rates of $600 to $875 per hour for attorneys with more than 10 years of experience, $325 to $575 per hour for attorneys with 10 years or less experience, and $250 per hour for paralegals and clerks).

The lodestar amount, using these hours and rates, amounts to over $12 million for Schlichter and almost $1 million for Nichols Kaster, for a total of over $13 million. Doc. 445 at 21; Doc. 445-2 at ¶ 8; 445-3 at ¶ 7. This is several million dollars more than the fee request and reflects a multiplier far below the typical range for similar class actions. *See Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 689 (D. Md. 2013) (noting that the lodestar multipliers "on large and complicated class actions have ranged from at least 2.26 to 4.5"). The lodestar cross-check confirms that the requested attorney's fees are more than reasonable, and the motion as to attorney's fees will be granted.

**III.  Attorney's Expenses**

Under Rule 23(h), a trial court may award nontaxable costs that are authorized by law or the parties' agreement. Fed. R. Civ. P. 23(h). "The prevailing view is that expenses are awarded in addition to the fee percentage." *Krispy Kreme*, 2007 WL 119157, at *3 (internal quotation omitted). Reimbursable expenses include expert fees,

8

travel, long-distance and conference telephone, postage, delivery services, settlement costs, and computerized legal research. Alba Conte, 1 Attorney Fee Awards § 2:19 (3d ed. 2018); *Phillips v. Triad Guar. Inc.*, No. 1:09-CV71, 2016 WL 2636289, at *9 (M.D.N.C. May 9, 2016); *Spano v. Boeing Co.*, No. 06-CV-743-NJR-DGW, 2016 WL 3791123, at *4 (S.D. Ill. Mar. 31, 2016).

Class Counsel has submitted evidence in support of their request for reimbursement for $737,377.63 of expenses on behalf of Schlichter, Bogard & Denton, Doc. 449 at 2; 449-1; 449-2, and $30,798.79 on behalf of Nicols Kaster. Doc. 445-3 at ¶ 8. These expenses included the costs of hiring experts and consultants, taking depositions, travel, lodging, and parking, copies and communication costs, and mediation and settlement costs, and professional fees, among others. Doc. 449-2 at ¶ 2; Doc. 445-3 at ¶ 8. In a supplemental filing, Schlichter, Bogard & Denton have represented that mediation and settlement costs include the mediator charges, and costs associated with the settlement-related website. Doc. 449-1 at 3. At the May 1, 2019 fairness hearing, Class Counsel also stated that the professional fees included costs of counsel for experts that were retained in connection with prosecuting this matter.

The Court has reviewed the expenses and the supporting documentation and finds that the expenses were reasonable. The motion will be granted.

**IV. Service Awards**

At the end of a successful class action, it is common for trial courts to compensate class representatives for the time and effort they invested to benefit the class. *See, e.g.*,

*Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). The plaintiffs ask that each of the ten named plaintiffs receive $20,000 in recognition of their contributions to the success of the case. Doc. 445 at 23.

Class Counsel has proffered that the named plaintiffs "provided invaluable assistance to Class Counsel in prosecuting the case" and "showed commitment to the case," and the record reflects that these individuals provided declarations and depositions related to class certification. Doc. 445 at 23 (citing Docs. 192-3–192-12; 147-3–147-6, 147-9–147-14). This amount is consistent with awards in similar ERISA settlements and the motion as to this request will also be granted. *See, e.g., Kruger*, 2016 WL 6769066, at *6 (approving service award of $25,000 to seven class representatives); *Abbott v. Lockheed Martin Corp.*, No 06-cv-701-MJR-DGW, 2015 WL 4398475, at *4 (S.D. Ill. July 17, 2015) (approving incentive awards of $25,000 for six class representatives); *Krueger v. Ameriprise Fin., Inc.*, No. 11-CV-02781, 2015 WL 4246879, at *3–4 (D. Minn. July 13, 2015) (approving incentive awards of $25,000 for five named plaintiffs).

## V. Conclusion

The Court finds that Class Counsel's uncontested motion for attorney's fees, attorney's expenses, and service awards for the named plaintiffs is well-supported and reasonable. Accordingly, it is **ORDERED** that:

1. Class Counsel's motion for attorney's fees, reimbursement of expenses, and case contribution awards for named plaintiffs, Doc. 444, is **GRANTED**.

2. Class Counsel is entitled to an attorney's fee of $8,000,000, to be paid from the settlement amount.

3. Class Counsel shall be reimbursed for expenses of $768,176, which are to be paid from the settlement amount.

4. A case contribution award of $20,000 shall be paid to each of the named plaintiffs Brewster Smith, Erik Gavidia, Stephanie Gavidia, Doris Kirouac, Paula Bridges, Nancy Johnson, Kerri Greaner, Robert Sims, Stacy Holstein, and Patricia Wells, also to be paid from the settlement amount.

This is the 6th day of May, 2019.

_____
UNITED STATES DISTRICT JUDGE